IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JASON JERMAINE DIXON,

    **Plaintiff,**

    v.                                            CASE NO. 17-3025-SAC

CORIZON HEALTH, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER
## AND ORDER TO SHOW CAUSE

Plaintiff Jason Jermaine Dixon is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

**I. Nature of the Matter before the Court**

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds in forma pauperis. Plaintiff alleges that he did not receive proper medical care while detained at the Shawnee County Jail. Plaintiff alleges that on April 9, 2015, he injured his foot while playing basketball in "unsafe plastic flip-flops provided by the jail." Plaintiff alleges that he did not receive proper medical care for his injury and he was injured further when he fell while hopping on one foot. Plaintiff's single-count Complaint alleges "malpractice and the right to proper medical attention." Plaintiff names as Defendants: Corizon Health; Christie Smith, Corizon Health Nurse; and Brian Cole, Director of the Shawnee County Jail. Plaintiff seeks "two million dollars for medical malpractice and pain and suffering."

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a

claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

### III. DISCUSSION

Plaintiff previously filed an action on May 13, 2015, against the Shawnee County Jail and Nurse Christie Smith, based on the same underlying facts. *See Dixon v. Shawnee County Jail*,

Case No. 15-3115-SAC-DJW (D. Kan.). The Court granted Defendant Smith's Motion to Dismiss and dismissed that case on August 12, 2016. *Id.* at Doc. 13. The Court's Order granted the motion to dismiss for failure to respond and prosecute, and "for the reasons set forth in Defendant's motion." The motion sets forth the medical care Plaintiff received and why he failed to show deliberate indifference to serious medical needs. In fact, Plaintiff only alleges malpractice in his Complaint in the instant action. Malpractice is not a basis for an Eighth Amendment violation. Plaintiff is required to show cause why his Complaint should not be dismissed as frivolous or malicious. "Repetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." *Winkle v. Hammond*, 601 F. App'x 754, 754–55 (10th Cir. 2015) (unpublished) (citing *McWilliams v. State of Colo.,* 121 F.3d 573, 574 (10th Cir. 1997) (internal quotation marks and brackets omitted)).

## IV.  Response Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein. The failure to file a timely response may result in the dismissal of this matter without additional prior notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **May 28, 2018,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas on this 2nd day of May, 2018.**

<u>**S/ Sam A. Crow**</u>
**Sam A. Crow**
**U.S. Senior District Judge**