# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**JASON JERMAINE DIXON,**

    **Plaintiff,**

    v.                                               **CASE NO. 17-3025-SAC**

**CORIZON HEALTH, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds in forma pauperis. Plaintiff alleges that he did not receive proper medical care while detained at the Shawnee County Jail. Plaintiff alleges that on April 9, 2015, he injured his foot while playing basketball in "unsafe plastic flip-flops provided by the jail." Plaintiff alleges that he did not receive proper medical care for his injury and he was injured further when he fell while hopping on one foot. Plaintiff's single-count Complaint alleges "malpractice and the right to proper medical attention." Plaintiff names as Defendants: Corizon Health; Christie Smith, Corizon Health Nurse; and Brian Cole, Director of the Shawnee County Jail. Plaintiff seeks "two million dollars for medical malpractice and pain and suffering."

On May 2, 2018, the Court entered a Memorandum and Order and Order to Show Cause ("MOSC") (Doc. 17) giving Plaintiff until May 28, 2018, in which to show cause why Plaintiff's Complaint should not be dismissed for the reasons set forth in the MOSC. Plaintiff has failed to file a response to the MOSC within the allowed time.

In the MOSC, the Court found that Plaintiff previously filed an action on May 13, 2015, against the Shawnee County Jail and Nurse Christie Smith, based on the same underlying facts. *See Dixon v. Shawnee County Jail*, Case No. 15-3115-SAC-DJW (D. Kan.). The Court granted Defendant Smith's Motion to Dismiss and dismissed that case on August 12, 2016. *Id*. at Doc. 13. The Court's Order granted the motion to dismiss for failure to respond and prosecute, and "for the reasons set forth in Defendant's motion." The motion sets forth the medical care Plaintiff received and why he failed to show deliberate indifference to serious medical needs. In fact, Plaintiff only alleges malpractice in his Complaint in the instant action. Malpractice is not a basis for an Eighth Amendment violation. "Repetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." *Winkle v. Hammond*, 601 F. App'x 754, 754–55 (10th Cir. 2015) (unpublished) (citing *McWilliams v. State of Colo.,* 121 F.3d 573, 574 (10th Cir. 1997) (internal quotation marks and brackets omitted)).

**IT IS THEREFORE ORDERED BY THE COURT** that this action is **dismissed** as frivolous and for failure to state a claim.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas on this 5th day of June, 2018.**

> **S/ Sam A. Crow**
> **Sam A. Crow**
> **U.S. Senior District Judge**